CHICAGO—FIRST DISTRICT—OCTOBER, 1924.    543

Mindeman v. Sanitary District of Chicago, 234 Ill. App. 543.

**August Mindeman, Administrator of the Estate of Roy Mindeman, Deceased, Appellee, v. Sanitary District of Chicago, Appellant.**

### Gen. No. 28,783.

NEGLIGENCE—*sufficiency of evidence that unguarded canal is "attractive nuisance."* In an action for the death of a child drowned in the drainage canal where the testimony tended to show that a street ran by the end of the channel and that children were often seen playing upon the sloping banks of the canal, which was not guarded by any barrier, the finding of the jury that the canal at that point constituted an attractive nuisance will not be disturbed.

THOMSON, J., dissenting.

Appeal by defendant from the Superior Court of Cook county; the Hon. JOHN WALTER PREIHS, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1923. Affirmed. Opinion filed October 30, 1924.

CLYDE L. DAY, for appellant; HECTOR A. BROUILLET and FRANCIS L. BRINKMAN, of counsel.

JOHN G. RIORDAN, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

This cause was here once before on appeal. *Mindeman v. Sanitary Dist. of Chicago*, 229 Ill. App. 354. In the decision of that appeal we reversed the judgment and remanded the case in order that the evidence might be submitted to a jury. Since then there has been another trial, which has resulted in a verdict and judgment for the plaintiff in the sum of $2,000. The evidence which was introduced at the second trial was substantially the same as at the first trial, so that it would be superfluous to set it forth at large in this opinion. We, therefore, shall consider the facts as they are recited in *Mindeman v. Sanitary Dist. of Chi-*

*cago, supra,* with the exception of three differences. The first occurs as the result of the testimony of Trinkaus, the civil engineer of the Sanitary District. At the second trial he testified that immediately after the contractor had completed his excavation of the canal at the point in question, the contractor built a fence at the easterly end of the canal; that the fence consisted of six-inch round timbers or posts down to the ground with two rows of one by six planks nailed to the posts; that the fence ran at right angles to the channel; that it was there two or three months until somebody stole it or threw it into the cut about the beginning of 1918; that the canal remained for over two years without a fence or guard or railing around it, and that he had knowledge of that fact; that he assumed the fence was originally placed there for the protection of the contractor or any one else who went in that vicinity, to protect the contractor, his men and teams from falling into the excavation. The second pertains to the situation of the streets and roadway in the vicinity of the east end of the channel. The father testified that he lived on Broadway, which was one street south of John street, and that from the water in the east end of the channel to the nearest house facing north on John street is about 300 feet. The boy who was with the boy that was drowned testified that they went down the alley to Ogden avenue and north on that street to the channel; that there is a street called Ogden avenue running north and south right at the east end of the channel. One Vanderwall testified that there is a street running north and south by the end of the canal, as shown in Exhibit 2, called Ogden avenue. On the other hand, Trinkaus testified that the pathway or roadway from Ogden avenue was built for the contractor's convenience and would serve no other purpose. The third pertains to the subject of children playing around the broken end of the channel. The father testified that he had been

down to the east end of the channel quite often; that he never saw guards or fences or gates or railings around the east end, and never saw any watchmen around there, and that he saw children playing around there. Vanderwall testified that he saw children from three to ten years old and grown men walking around the end of the canal, some on the wall and some on the road which they called Ogden avenue; that the children would be throwing stones and playing; that sometimes he stopped and chased the children away from the easterly end. The boy, Rothenberger, testified that he had been around the channel often; that he saw children, from two years up, and grown men around the end of the channel; that he saw children playing on the sloping embankment on the south side of the channel; that he saw children fishing at the east end; that he did not see children playing on the sloping embankment at the east end of the canal very often.

It is urged upon this appeal that the Sanitary District was not guilty of maintaining an attractive nuisance. That subject we discussed quite at large in our former opinion, and we do not feel that it would serve any useful purpose to do the same thing over again. Counsel for the defendant claim that three elements, visibility, attractiveness and proximate cause must be present. The jury found that the essential elements were present and we do not feel justified in overriding their verdict. Considering all the evidence, as to visibility, about which there was some conflict, attractiveness,—concerning which the photograph, plaintiff's Exhibit 2, is quite persuasive—and proximate cause, which seems obvious, we do not feel that we are justified in concluding that any error was committed, or that we ought to set aside the determination of the jury.

The judgment will be affirmed.

*Affirmed.*

O'CONNOR, P. J., concurs.

MR. JUSTICE THOMSON dissenting: At the time this case was formerly before this court and the judgment for the defendant, based on a directed verdict, was reversed and the cause remanded for another trial, I did not concur in the decision. At that time I set forth my views briefly, in a dissenting opinion. *Mindeman v. Sanitary Dist. of Chicago*, 229 Ill. App. 354, 364-365. Such additional evidence as was presented in the second trial of the case brought out no new facts. Nothing is contained in the present record necessitating any change in the reasons for my opinion in this case, as expressed in the dissenting opinion when the case was first presented to us.

I of course recognize that, as this case stands, the decision of this court as announced in 229 Ill. App. 354, is the law of this case, but for the reasons set forth in the dissenting opinion there filed, I feel obliged to note my dissent here.